CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 30, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MATTHEW DON BLACKWELL,** ) | |
| Plaintiff, ) | Civil Action No. 7:24cv00049 |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| **CUMBERLAND MOUNTAIN COMM.** ) | By: Robert S. Ballou |
| **SERVS, et al.,** ) | United States District Judge |
| Defendants. ) | |

Matthew Don Blackwell, an inmate at the Southwest Virginia Regional Jail in Abingdon, has filed an action against the defendants under 42 U.S.C. § 1983. In his Second Amended Complaint, ECF No. 35, Blackwell alleges the following claims:

(1) "Been declared now unfit to go to trial. Jail now refusing medical. lawinforcment (sic), courts, and mental health refusing to respond, physicnogiven (sic)."

(2) "Today 5/20/24 officer lunged at me threats to 'beat my ass' in thrown words.'

While this matter has been pending, Blackwell has written several letters to the court, some of which are incoherent and delusional. More recently, his letters complain of the delay in getting his day in court, and he complains of an alleged conspiracy between evaluators at Cumberland Mountain Community Services, the Tazewell Circuit Court, law enforcement officers, and his appointed attorney. He has also filed two motions for preliminary injunction, one of which asks this court to order the jail to release him so that he can obtain competent mental health treatment of his own choosing, ECF No. 49, and the other asking this court to take over the state proceedings as an ombudsman (ECF No. 54).

To attempt to put this matter in context, the court reviewed the online case information system for Tazewell Circuit Court and Tazewell General District Court. It appears that

Blackwell was arrested in December 2022 for possession of schedule I/II controlled substances and subsequently released on bond. The case has been continued nine times in Tazewell General District Court and is next scheduled for November 8, 2024. In April 2023, Blackwell was arrested on a major probation violation report, his fourth violation from a 2010 statutory burglary conviction, and committed to jail. He was appointed the same attorney in the circuit court probation violation as the attorney representing him in general district court on the drug charges. On July 10, 2023, the circuit court entered an evaluation order. Blackwell was apparently found incompetent to stand trial; the court received the evaluation report on August 22, 2023, and then ordered treatment to restore him to competency on August 28, 2023. Thereafter, Blackwell's case has been on the circuit court docket for review in February, March, May, August, and October of 2024. The next court date is scheduled for January 7, 2025.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). A party seeking a preliminary injunction must demonstrate the presence of four factors, the first of which is that he is likely to succeed on the merits at trial. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20–22 (2008). Blackwell is not likely to succeed on the merits at trial of this matter because he has failed to state any claim for which relief may be granted.

To state a proper claim under § 1983, a plaintiff must allege the violation of a right secured by the United States Constitution or laws and must show that the alleged deprivation was committed by a person acting under color of state law. *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). Liability is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Blackwell has not alleged any actions taken by a specific person, nor has he alleged a denial of a legal right.

While denial of medical care can rise to the level of a constitutional violation, a plaintiff must allege facts (not conclusions) showing the existence of an objectively serious medical need that a defendant—a person—was subjectively aware of and acted with deliberate indifference towards.  *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998).  Blackwell has not identified any person with knowledge of a serious medical need, nor has he alleged facts sufficient to show subjective awareness and deliberate indifference.

His second claim has even less potential.  Threats and verbal abuse by prison officials, without more, do not state a constitutional claim.  *Henslee v. Lewis*, 153 F. App'x 178 at *2 (4th Cir. 2005) (unpublished per curiam).

Because Blackwell's Second Amended Complaint fails to state a claim for which relief may be granted, it is **DISMISSED** under 28 U.S.C. § 1915A(b)(1), and the Clerk is directed to **STRIKE** this matter from the docket.  Further, the motions for preliminary injunction, ECF Nos. 49 and 54, are **DENIED**.

The Clerk is directed to mail a copy of this opinion and order to Mr. Blackwell.

Enter:  October 30, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge